UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOSETTE M. RIPOLL and                                    CIVIL ACTION
BETTY RIPOLL BROWN

VERSUS                                                   NO. 06-8537

JAMES W. WHITE, SR. ALLSTATE                             SECTION: "C"
INSURANCE COMPANY, CITIMORTGAGE,
INC. AND AMERICAN AUTOMOBILE
INSURANCE COMPANY

<u>ORDER AND REASONS</u>

Before the Court is a Motion to Remand filed by the plaintiffs, Josette M. Ripoll

and Betty Ripoll Brown ("Plaintiffs") (Rec. Doc. 6).  The parties may neither consent to

nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848

(5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal

court of jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De*

*Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert.*

*denied,* 114 S.Ct. 685 (1994).  It is the recognized burden of the party invoking jurisdiction

"both to allege with sufficient particularity the facts creating jurisdiction, in view of the

nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the

court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In its Notice of Removal, filed on October 18, 2006, the Defendant states that this court has federal question subject matter jurisdiction. See, Rec. Doc. 1.  The Defendant removed the case because the Plaintiffs' complaint stated claims under their flood policy, which was a Standard Flood Insurance Policy ("SFIP"), written by Allstate Insurance Company under the National Flood Insurance Act ("NFIA").  The NFIA is a federal law. Thus, there was subject matter jurisdiction under 28 U.S.C. § 1331.

To support their Motion to Remand, the Plaintiffs argue that there is no longer federal question jurisdiction.  They claim that they filed an amended complaint that eliminate their flood insurance claims.  This amended complaint was filed in the Civil District Court for the Parish of Orleans, State of Louisiana on October 30, 2006, after the case had been removed.

When a case is removed to the federal court, that case no longer exists in the state court.  Post-removal pleadings filed in state court have no effect.  The Plaintiffs' petition includes a claim for flood damages.  That pleading still stands, as it has not been properly amended in the federal court.  Thus, the court has subject matter jurisdiction over this case.

The Plaintiffs also argue that removal was improper because all of the defendants did not consent to the removal.  However, Allstate was sued, in part, under a SFIP, which is governed by federal law.  This is a separate and independent claim that is removable under 28 U.S.C. § 1331(c).  When separate and independent federal questions are raised, the consent of all defendants is not required.  See, *Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1998) (citing *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 183 (7th Cir. 1984).

Based on the record and the law, the Court finds that the Plaintiffs have not shown a basis for remand.  Accordingly,

IT IS ORDERED Plaintiffs' Motion to Remand is **DENIED**.[1]

New Orleans, Louisiana, this 17th day of November, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Defendant would not object to a remand if and when the Plaintiffs move to dismiss their flood insurance claim through amendment in this Court.

3