UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSETTE M. RIPOLL AND<br>BETTY RIPOLL BROWN | CIVIL ACTION |
| VERSUS | NO. 06-8537 |
| JAMES W. WHITE, SR. ALLSTATE<br>INSURANCE COMPANY,<br>CITIMORTGAGE, INC. AND<br>AMERICAN AUTOMOBILE<br>INSURANCE COMPANY | SECTION: "C" (1) |

**ORDER AND REASONS**

Before this Court is a Motion to Remand filed by the plaintiffs, Josette M. Ripoll and Betty Ripoll Brown ("Plaintiffs") (Rec. Doc. 21). Defendant, Allstate Insurance Company ("Allstate") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that remand is appropriate.

**I. BACKGROUND**

Plaintiffs owned the property located at 7031-33 Yorktown Drive, New Orleans, Louisiana. They claim that on August 29, 2003, they obtained homeowner's insurance

for the property from Allstate through insurance agent James W. White, Sr. ("White"). Plaintiffs allege that they paid all of their insurance premiums, but White never provided them with a copy of their policy. They also claim that they were notified in December 2004 that they did not have homeowner's insurance. They assert that they contacted White and he agreed to remedy the problem.

On or about August 29, 2005, Hurricane Katrina made landfall in Louisiana and caused damage to Plaintiffs' property. Plaintiffs claim that when they tried to make a claim on their Allstate homeowners policy after the storm, they were informed that no policy had ever been written.

As a result, they brought this action in the Civil District Court for the Parish of Orleans, State of Louisiana. In addition to the allegations concerning the homeowners policy, the petition made references to a flood insurance policy. Allstate removed the action to this Court, alleging that this Court had jurisdiction pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. IX; 28 U.S.C. § 1331; 28 U.S.C. § 1442(a)(1); 28 U.S.C. § 1337; 28 U.S.C. § 1369.

Plaintiffs filed a motion to remand in which they asserted that this Court lacked jurisdiction because they amended their petition to remove all of the flood insurance allegations. The Court denied that motion because the amendment had been made in the state court after removal. Therefore, the amended petition was not properly before

this Court.

Subsequently, this Court granted Plaintiffs leave to amend their petition and the petition was amended to removal all flood insurance claims.  Plaintiffs now seek remand on the grounds that this Court no longer has jurisdiction pursuant to the grounds for removal stated by Allstate in its Notice of Removal.  Allstate opposes the motion, asserting that this Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

II. ANALYSIS

The party seeking removal bears the burden of establishing federal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921 (5th Cir. 1997).  The procedure governing the exercise of removal jurisdiction is outlined in 28 U.S.C. § 1446(a). Pursuant to the statute, the removing defendant must file "a short and plain statement of the grounds for removal" in addition to all process, pleadings and orders served upon the defendant or defendants in the action within thirty days after service of the complaint. 28 U.S.C. § 1446.  The statement of the grounds for removal must "make the basis for the federal court's exercise of removal jurisdiction clear and contain enough information so that the district judge can determine whether removal jurisdiction exists." Wright, Miller & Cooper, Federal Practice & Procedure § 3733 (3d ed. 1998).  The statutory provisions for

3

removal are strictly construed. *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F.Supp.2d 919, 925 (N.D.Cal. 2003) (citing, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 123 S.Ct. 366, 369, 154 L.Ed.2d 368 (2002)).

The defendant may amend the notice of removal prior to the expiration of the thirty day time frame for seeking removal. See, *Blakely v. United Cable System*, 105 F.Supp.2d 574, 578 (S.D.Miss. 2000) (citing, *D.J. Mc.Duffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979)); see also, *Innovative Medical Products, Inc. v. Felmet*, 2006 WL 4013778, at *4 (M.D.N.C.). However, when the time has expired, the notice of removal may only be amended "to correct 'technical defects' in the jurisdictional allegations." *Id*. The defendant is not permitted to correct 'substantive defects' in the removal notice, such as adding a new basis for federal jurisdiction or supplying missing allegations. *Id*.; see also, *Innovative Medical Products, Inc. v. Felmet*, 2006 WL 4013778, at *4 (M.D.N.C.).

Here, Allstate's notice of removal states that this Court has jurisdiction pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. IX; 28 U.S.C. § 1331; 28 U.S.C. § 1442(a)(1); 28 U.S.C. § 1337; 28 U.S.C. § 1369. Five of Allstate's purported grounds for jurisdiction, 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. IX; 28 U.S.C. § 1331; 28 U.S.C. § 1442(a)(1); 28 U.S.C. § 1337 depend on Plaintiffs stating a cause of action that implicates to a flood insurance policy issued pursuant to the National Flood Insurance

Act.  These grounds for federal jurisdiction are no longer applicable because Plaintiffs have amended their petition to exclude those claims.  See, Rec. Doc. 17.  Furthermore, this Court has previously ruled that 28 U.S.C. § 1369 is not applicable in cases such as this.  Hurricane Katrina itself was not an "accident" within the terms of § 1369.  See, *Fidelity Homestead Ass'n,* 2006 WL 2873562; *Southern Athletic Club, LLC*, 2006 WL 2583406, *6; *Berry v. Allstate Ins. Co.*, 2006 WL 2710588, *3 (E.D.La. 2006) (J. Zainey); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013, *3 (E.D.La. 2006) (J. Lemelle); *Southall v. St. Paul Travelers Ins. Co. et. al.,* 2006 WL 2385365, *5 (E.D.La. 2006) (J. Barbier).

Although Allstate did not raise, or even hint at, diversity of citizenship as a grounds for removal in its notice of removal, it seeks to do so in opposing this motion to remand.  Thus, the Court construes Allstate's opposition memorandum as a request to amend its notice of removal.  See, *Tenet Healthsystem  Hospitals, Inc. v. Crosby Tugs, Inc.*, 2005 WL 1038072, at *4 (E.D.La.) (citing, *Arancio v. Prudential Ins. Co of America*, 247 F.Supp.2d 333 (S.D.N.Y 2002)).  Since the thirty-day period for amending the notice of removal has expired, the Court does not have discretion to permit an amendment that asserts an entirely new basis of subject matter jurisdiction.  Any such request must be denied.  Due to Allstate's failure to timely assert diversity of citizenship as a grounds for removal, the Court is unable to consider whether it may have been a valid basis for removal jurisdiction.

5

### III. CONCLUSION

For the reasons state above,

IT IS ORDERED that Plaintiffs' Motion to Remand is hereby **GRANTED**.

New Orleans, Louisiana this 29th day of March, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE